OPINION
Appellant, Raymond Richard Nelson, appeals from a summary judgment by the Lake County Court of Common Pleas, granted in favor of appellee, Nationwide Mutual Insurance Company.
On May 6, 1991, appellant sustained serious injury when he was a passenger in a motor vehicle allegedly struck by Charles Norman Curfman in a head-on collision. Four other individuals sustained personal injuries in the accident. At the time of the accident, Curfman was driving a Ford Tempo GL owned by Hubert Mattox. Because Mattox had given Curfman permission to drive his car, Curfman was covered by Mattox's insurance policy issued by Nationwide Insurance Company. The terms of the policy provided for "split limit" liability coverage of $100,000 per accident and $300,000 per occurrence. Schedule E of the policy provided the following "limits of liability":
 "The limit of bodily injury liability stated in the declarations as applicable to `each person' is the limit of the Company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to `each occurrence' is, subject to the above provision respecting each person, the total limit of the Company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence."
On January 21, 1997, appellant filed a complaint seeking a declaratory judgment that the Nationwide policy provided bodily injury liability coverage of $300,000 for appellant's injuries. On October 6, 1997, appellant filed a motion for summary judgment on his declaratory judgment complaint. Appellant argued that the Nationwide policy's "limits of liability" were ambiguous because the policy language is suspectible to two interpretations: (1) recovery is limited to $100,000 per person, regardless of the number or people injured, up to $300,000 or (2) recovery is limited to $100,000 per person if only one person is injured but $300,000 is available to one person if two or more persons are injured.
In response to appellant's motion for summary judgment, appellee filed a counter-motion for summary judgment. Appellee argued that the language was not ambiguous because the clause specifically states that the "per occurrence" limit of $300,000 issubject to the "per person" limit of $100,000; therefore, regardless of whether two or more persons are injured, the maximum recovery for each person is $100,000. On January 15, 1998, the trial court denied appellant's motion for summary judgment and granted appellee's counter-motion for summary judgment. The trial court declared that appellant "is limited to the $100,000 per person limit of liability coverage in any and all claims against * * * Nationwide Insurance Company's insureds arising from the motor vehicle accident." From this judgment, appellant assigns the following error:
 "The trial court erred to the prejudice of plaintiff-appellant in denying plaintiff-appellant's motion for summary judgment and granting defendant-appellee, Nationwide Mutual Ins. Co.'s, motion for summary judgment."
Appellant contends that the Nationwide policy language describing the "split limit" bodily injury liability coverage is ambiguous; therefore, he can recover up to $300,000, the "per occurrence" limit. Although appellant claims that this is a case of first impression in Ohio, we have previously analyzed nearly identical policy language and have held that such language is not ambiguous.
 In Rowan v. Beacon Ins. Co. (Dec. 21, 1990), Lake App. No. 90-L-14-005, unreported, Barbara Rowan and her passenger were injured in a two-car accident caused by an uninsured driver. At the time of the accident, Rowan's vehicle was insured under a policy issued by Beacon Insurance Company, which provided uninsured motorist coverage, with limits of $50,000 per person and $100,000 per occurrence. Under the policy, both Rowan and her passenger were insureds. The uninsured/underinsured motorist section of the policy contained the following limit on liability:
 "The limit of liability for uninsured or underinsured motorist coverage stated in the declarations as applicable to `each person' is the limit of the company's liability for all damages for car[e] or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to `each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident." Id. at 10.
 Rowan filed a declaratory judgment action against Beacon, arguing that the per occurrence limit of $100,000 was applicable to her claim because two or more persons were injured in the accident. Rowan asserted that she was entitled to recover up to the per occurrence limit, less the amount which had been paid to her passenger.
We rejected this argument, emphasizing that as a result of the opening clause, the per occurrence limit was "subject to" the per person provision:
 "Thus, it is clear that under this [per occurrence] provision, each person could only collect [the per person limit], no matter how may other individuals sustained injuries in one accident. A person is not entitled to more than [the per person limit] simply because the second person did not recover the full amount." Id. at 13.
 In Estate of Springer v. Nationwide Ins. Co.
(Aug. 6, 1993), Ashtabula App. No. 92-A-1688, unreported, which involved the interpretation of "split limit" language in the general liability section of the policy, we again held that nearly identical policy language "unambiguously limits the per accident recovery by those limitations contained in the per person limits."
Because the policy in the instant case provides that the "per occurrence" limit is subject to the "per person" limit, we must conclude that the the Nationwide policy is not ambiguous, and appellant's recovery is governed by the "per person" limit of $100,000. The trial court did not err by concluding that appellant was not entitled to the "per occurrence" limit of $300,000. Appellant's sole assignment of error is without merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
 _____________________ JUDGE ROBERT A. NADER
FORD, P.J.,
O'NEILL, J.,
concur.